MAX FRIEDLAND v. PAUL HACKING AND ANOTHER.[1]

March 14, 1924.

No. 23,812.

**Rescission of conditional sale of chattel by buyer.**
1. Where, in order to procure an executory contract for the conditional sale of a typewriter, the seller guarantees to keep the typewriter in repair for a definite length of time, title of machine not to pass until full payment of the monthly "rent", the buyer may rescind if, during the time specified, the seller neglects or refuses to repair within a reasonable time after requested so to do.

**Directed verdict for plaintiff improper.**
2. The court erred in directing a verdict for plaintiff.

**Judgment non obstante properly denied.**
3. Defendants were not entitled to judgment non obstante for no motion for a directed verdict was made at the trial.

Action in the municipal court of St. Paul by plaintiff, trading as The St. Paul Typewriter Exchange Agency to recover $59. The case was tried before Rounds, J., who at the close of the testimony granted plaintiff's motion for a directed verdict and assessed his damage at $65.70. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed and new trial granted.

*John T. Rohwedder* and *Ralph S. Parker*, for appellants.
*Louis B. Schwartz*, for respondent.

HOLT, J.
The appeal is from an order denying defendants' motion in the alternative for judgment or a new trial.

Plaintiff sued for $59, a balance alleged to be due upon the sale of a typewriter, made July 7, 1921. The defense was that the sale was upon a guarantee, which had failed, and upon an agree-

[1]Reported in 197 N. W. 751.

ment that plaintiff would keep the typewriter in repair for 2 years; that it became in need of repairs, and plaintiff refused and neglected to repair the same when requested; that, because of the failure to keep the agreement to repair, defendants, on February 25, 1922, returned the typewriter to plaintiff which he still retains. A counterclaim for $61 paid upon the purchase of the machine is also set up. When the testimony was in, the court, on plaintiff's motion, directed the jury to return a verdict for him. This was done.

Plaintiff offered in evidence three written instruments. Exhibit C was a lease for an Underwood typewriter containing a privilege to purchase, in which event the rent paid should be applied as part payment of the machine. Apparently the Underwood did not suit, and on July 7, 1921, a so-called sales order, Exhibit A, was given by defendants to plaintiff reading: "Please enter subject to your approval our order for Remington typewriter No. 11— R. E. 72155, Supplies. For which I agree to pay $120.00 as follows: Ten dollars with order; balance due $4.00 per month. Credit rent $30.00. All written or verbal agreements are covered by this order and I have a copy of same. This cannot be cancelled by the undersigned." The rent credit of $30 mentioned, was on account of the rent paid for the Underwood typewriter returned. At the same time, and as part of the same transaction, Exhibit B was given by defendants to plaintiff, wherein and whereby defendants leased from plaintiff this same Remington typewriter, and agreed to pay as rent $4 per month until $120 is paid. The $10 cash and $30 as rent of former machine referred to in Exhibit A are credited. Then follow provisions that the title to the typewriter shall remain in plaintiff until fully paid.

Taking the two instruments together, there was at most a conditional sale. Title never passed to defendants. Plaintiff admitted on the stand that, when the deal was negotiated, he promised to give them 2 years free service, which meant that he guaranteed to keep it in repair or good working condition during that length of time. In fact, he said he gave that guarantee upon the sale or

disposition of every rebuilt typewriter. To rebuild used typewriters and dispose of them was his business. This transaction with defendants was an executory or conditional sale, obtained upon a guarantee or representation that plaintiff would keep the machine in repair for 2 years. And there being evidence that the machine did not stay in good working order; that plaintiff was notified thereof and requested to come and repair the same; that he did so once, but thereafter delayed for an unreasonable length of time to put it in order or repair after notice of defects, it was a question for the jury whether or not there was a timely rescission by defendants. We therefore think the court erred in directing a verdict for plaintiff.

Defendants were not entitled to be heard on that part of the motion asking for judgment notwithstanding the verdict, for there was no motion for a directed verdict when the evidence was in.

No other assignment of error deserves notice. The part of the order denying a new trial is reversed and a new trial is granted.